to the construction of the elevated railway. The defect, if it be any, may be obviated on a new trial,—which, as already shown, must be had,—and consequently it is not deemed necessary to decide the question now, nor to express any opinion on the remaining questions which have been argued. Judgment reversed, and new trial ordered, with costs to appellants, to abide the event. All concur.

---

### SWIFT *et al. v.* MAYER *et al.*

*(Superior Court of New York City, General Term.* November 22, 1889.)

DEPOSITION—AFFIDAVIT OF MATERIALITY—VACATION OF ORDER.

Code Civil Proc. N. Y. § 872, subd. 4, and rule 83 of the general rules of practice of New York, provide that when the deposition of a party before trial is required, under Code Civil Proc. § 870 *et seq.*, the affidavit to be presented to the judge who grants the order for the taking of the deposition must show that the examination is material and necessary. *Held* that, where the action is to set aside as fraudulent a deed made in 1882, such examination is not shown to be material and necessary by an affidavit that the persons sought to be examined are the only ones having knowledge of the whereabouts of defendant's property at the time of making such affidavit, in 1889; and the order granting the examination will be vacated.

Appeal from special term.

This was an action by James T. Swift and others against Ferdinand Mayer and others. The defendants moved to vacate an order for the taking of their depositions before trial, which motion the court granted, delivering the following opinion, and plaintiffs appeal:

"DUGRO, J. The order which the defendants move to vacate is for a deposition to be taken as prescribed in article 1, tit. 3, c. 9, Code Civil Proc. [§§ 870–886.] It is not an order directing persons to appear and be examined under oath concerning matters pertaining to a discovery. The papers upon which the order was granted, and the order itself, show this. The plaintiffs are therefore wrong in contending that the papers upon which the order was granted need not conform to rule 83. The affidavit upon which the order was granted specifies no facts and circumstances which show that the examination desired is material and necessary; for, though it be conceded that the persons sought to be examined ‘have especial knowledge as to the whereabouts and condition of any property belonging to the defendants Ferdinand Mayer and Benjamin Mayer, and they and the said Benjamin Mayer have substantially the only knowledge of the subject,’ I cannot see how evidence as to the whereabouts and condition of any property belonging to the defendants Ferdinand and Benjamin Mayer will be material and necessary to the plaintiff in the trial of this action. The affidavit is made in May, 1889, and so refers to property then existing, while the action is brought to have a conveyance made in 1882 declared to have been made in fraud, etc., of creditors. Although the facts and circumstances need be but slight to warrant an examination in a case such as this, these presented by the affidavit do not suffice. The papers raise a suspicion that the order is desired merely for inquisitorial purposes. The motion to vacate the order is therefore granted, with $10 costs."

Gen. Rule Prac. 83, is as follows: "When an examination is required under sections 870, 871, 872, of the Code of Civil Procedure, the affidavit shall specify the facts and circumstances which show, in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary."

Argued before SEDGWICK, C. J., and TRUAX and INGRAHAM, JJ.

*Stickney & Shepard,* for appellants. *Donohue, Newcombe & Cardozo,* for respondents.

PER CURIAM. The order appealed from is affirmed, on the opinion of the court below.